UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-80054-CR-MIDDLEBROOKS/MCALILEY

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ROBERT MICHAEL WANN,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CHANGE OF PLEA

    The Honorable Donald M. Middlebrooks referred this matter to me to conduct a change of plea hearing for Defendant Robert Michael Wann. (ECF No. 107). I held that hearing on September 13, 2021, and for the following reasons recommend that the Court accept Defendant's plea of guilty.

    1.    At the outset of the hearing, I told Defendant of his right to have these proceedings conducted by Judge Middlebrooks, the presiding District Court Judge. I also advised Defendant that Judge Middlebrooks would sentence Defendant, and make all findings and rulings concerning Defendant's sentence.

    2.    Defendant was made aware that he did not have to permit this Magistrate Judge to conduct this hearing and could request that the change of plea hearing be conducted by Judge Middlebrooks. Defendant, Defendant's attorney and the Assistant United States Attorney all agreed on the record and consented to my conducting the change

of plea hearing. Defendant also consented to my holding the hearing by video conference. And, both parties agreed that they preferred to hold the change of plea now by videoconference because it allows for social distancing and, therefore, reduces the possibility of their exposure to COVID-19. Pursuant to S.D. Fla. Administrative Order 2021-51, I find that Defendant's guilty plea could not be further delayed without serious harm to the interests of justice.

3. I conducted the plea colloquy with Defendant in accordance with Federal Rule of Criminal Procedure 11.

4. The parties entered into a written plea agreement, which will be filed with the Court once all parties have signed it. Defendant authorized his attorney, Robert M. Helfend, Esq., to sign the agreement on his behalf, as Defendant was unable to receive a copy of the agreement at the Federal Detention Center. I reviewed that plea agreement on the record and Defendant acknowledged that his counsel carefully reviewed that agreement with him, and Defendant agreed to its terms. Pursuant to that agreement, Defendant pled guilty to Count 1 of the Superseding Indictment, which charges Defendant with conspiracy to commit mail and wire fraud, in violation of Title 18, United States Code, Sections 1341, 1343 and 1349. (ECF No. 5). The United States agreed to seek dismissal of all remaining counts of the Superseding Indictment after sentencing.

5. The parties also agreed to a written factual proffer, which is incorporated into the written plea agreement. Defendant said that he reviewed that factual proffer with his attorney, and government counsel read the full proffer at the hearing. Defendant agreed to

its accuracy. The Court reviewed the factual proffer with Defendant and he confirmed that it accurately summarizes how he committed the crime charged in Count 1 of the Superseding Indictment. I found that a factual basis exists for Defendant's plea of guilty. Defendant was also advised of the statutory maximum penalties. Defendant acknowledged that he understood these possible penalties, including the maximum term of twenty (20) years imprisonment, as to Count 1.

6.   Based upon the foregoing, and the statements and findings at the plea colloquy which I incorporate into this Report and Recommendation, I find that Defendant was competent and capable of entering an informed plea, and that his guilty plea was knowing and voluntary and has factual support. I recommend that the Court adopt these findings, and adjudicate Defendant guilty of Count 1 of the Superseding Indictment.

7.   The U.S. Probation Office will prepare a pre-sentence investigation report, and Defendant was advised that his **sentencing has been scheduled for November 16, 2021, at 1:45 p.m., before the Honorable Donald M. Middlebrooks, in Miami**.

Accordingly, I **RECOMMEND** that the Court accept Defendant's plea of guilty, adjudicate Defendant guilty of Count 1 of the Superseding Indictment, and that a sentencing hearing be conducted for final disposition of this matter.

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Donald M. Middlebrooks, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those

objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b), 11th Cir. R. 3-1 (2016).

  **RESPECTFULLY RECOMMENDED** this 13th day of September, 2021, at Miami, Florida.

               _____
               CHRIS McALILEY
               UNITED STATES MAGISTRATE JUDGE

cc:  The Honorable Donald M. Middlebrooks
   Counsel of record